411 A.2d 765

**COMMONWEALTH of Pennsylvania**

v.

**Marion BLACK, Appellant.**

Superior Court of Pennsylvania.

Argued July 31, 1979.

Filed Oct. 5, 1979.

373

---

Daniel M. Rendine, Philadelphia, for appellant.

Steven Kaplan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

The defendant was indicted for murder, manslaughter, and possession of an instrument of crime. She waived a jury trial and was tried by a judge, who found her guilty of murder in the third degree and possession of an instrument of crime. She was sentenced and has appealed, raising various issues.

First, the defendant raised the issue of insanity. It has been held that once the issue of insanity arises, the burden of proof lies on the Commonwealth to prove the defendant was sane at the time of the offense: *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974). The defendant contends that the trial judge improperly placed

* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Delaware County, Pennsylvania, are sitting by designation.

the burden of proof of insanity on the defendant. The defendant has taken one small statement of the trial judge out of context. A review of the record indicates clearly that the trial judge placed the burden of proof on the Commonwealth. The defendant also contends that the Commonwealth failed to meet its burden of proof that the defendant was sane at the time of the killing. However, the Commonwealth produced expert medical testimony that the defendant knew right from wrong at the time of the killing, and also produced evidence from other witnesses as to the defendant's actions after the killing, indicating that she knew what she had done and that it was wrong. The court applied properly the *M'Naghten* Rule as to the defendant's sanity. There was evidence that the defendant was schizophrenic, but the expert medical witnesses testified that a schizophrenic is perfectly capable of knowing right from wrong. The Supreme Court has held that the existence of any psychosis is not necessarily tantamount to insanity under the *M'Naghten test: Commonwealth v. Hamilton*, 459 Pa. 304, 329 A.2d 212 (1974).

The defendant further contends that the trial court erred in its ruling that the Commonwealth proved lack of self-defense beyond a reasonable doubt. The facts were that the defendant came into her place of residence and was verbally attacked by the decedent. She then went upstairs to her room and later came down to find the decedent about to leave the premises. The defendant called out to the decedent and then approached him and shot him. She contended that the decedent was reaching into his pocket for what she feared might be a knife. It is clear that those facts do not give rise to self-defense. The Crimes Code, Section 505, 18 Pa.C.S.A. 505, provides that the use of deadly force is not justifiable unless the actor believes that such force is necessary to protect himself against death or serious bodily injury. It is clear that there was no such fear of death or serious bodily injury in this case since it was the defendant who was approaching the decedent who was preparing to leave the premises and was not threatening the

defendant in any way. The facts in this case are remarkably similar to the facts in *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977). In that case, the decedent was approaching the defendant with one hand in his pocket and the defendant fired a shot and killed the decedent. The court in that case held that there was no self-defense available.

■ The defendant's last contention is that the trial judge committed error in admitting the defendant's signed statement. The trial court found from the evidence that the defendant's statement was made voluntarily and knowledgeably after full *Miranda* warnings had been given, and it was reduced to writing and signed by the defendant. There was no evidence that the defendant was incompetent at the time she made the statement. Therefore, the statement was properly admitted into evidence.

The defendant received a fair trial and was properly convicted, and the sentence imposed by the court below is hereby affirmed.